**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY RUBEN ALDO BARBIERI, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> TIMESHARE LIQUIDATORS, LLC, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:18-cv-00355-GMN-GWF <br><br> **ORDER** |

Pending before the Court is the Motion for Default Judgment, (ECF No. 12), filed by Plaintiff Anthony Ruben Aldo Barbieri ("Plaintiff"). As discussed below, because Plaintiff's Motion is premature, the Court construes this Motion as one for clerk's entry of default and refers the Motion to the Clerk of Court.

**I.  LEGAL STANDARD**

Obtaining a default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). Then, after the clerk of court enters default, a party must separately seek entry of default judgment from the court in accordance with Rule 55(b). Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true. Nonetheless, while the clerk's entry of default is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether to grant a default judgment is in the court's discretion. *Id.*

In determining whether to grant default judgment, courts are guided by the following

1  seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

## II. DISCUSSION

Here, Plaintiff's Motion is premature because Plaintiff has not moved for clerk's entry of default. It is well established that entry of default is a prerequisite to the entry of default judgment. *See* Fed. R. Civ. P. 55(a); *VonGrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004) ("[A] plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."); *Roman v. Travelers Home & Marine Ins. Co.*, No. CV-17-08151-PCT-JAT, 2017 WL 3978706, at *3 (D. Ariz. Sept. 11, 2017) ("Before a party can obtain a default judgment from the Court under Federal Rule 55(b), the Clerk of the Court must enter default as provided in Federal Rule 55(a).") (citing 10A, Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure § 2682, at 10–11 (4th ed. 2016)).

In an effort to efficiently resolve this matter, the Court construes the present Motion as a Motion for Clerk's Entry of Default. In the event the Clerk of Court enters default, Plaintiff may file a renewed motion for default judgment, and may elect to address the relevant *Eitel* factors to assist the Court.

///
///
///
///
///

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment, (ECF No. 12), shall be construed as a Motion for Clerk's Entry of Default under Federal Rule of Civil Procedure 55(a). The Motion, (ECF No. 12), is hereby referred to the Clerk of Court.

**IT IS FURTHER ORDERED** that in the event the Clerk of Court enters default, Plaintiff must serve a copy of the clerk's entry of default on Defendants and file proof of service as to the same. Upon Plaintiff's filing of proof of service, Plaintiff may file a motion for default judgment.

**DATED** this __5__ day of April, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court