# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Ruben Aldo Barbieri,<br><br>    Plaintiff<br><br>v.<br><br>Timeshare Liquidators, LLC; Stan Mullis,<br><br>    Defendant | Case No.: 2:18-cv-00355-JAD-EJY<br><br>**Order Setting Aside Defaults and Directing Answer**<br><br>[ECF Nos. 22, 31] |

Pro se plaintiff Anthony Ruben Aldo Barbieri brings this action against his former employer and manager for retaliation and hostile work environment. When the defendants failed to answer or otherwise defend this suit, the Clerk of Court entered default against them.[1] Barbieri now moves for a default judgment,[2] and the defendants countermove to set aside the default, explaining that they mistakenly believed that their (now-replaced) attorney was actively defending on their behalf.[3] Because I find good cause to set aside the default, I grant the countermotion, deny Barbieri's motion for default judgment, and permit this case to proceed on its merits.

## Discussion

"Absent an abuse of discretion, there is no error in setting aside a default where the judge finds good cause to do so."[4] "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment."[5] In general, "[w]here timely

---

[1] ECF No. 15.

[2] ECF No. 22.

[3] ECF No. 31.

[4] *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

[5] *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994).

relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside default so that cases may be decided on the merits."[6]  In determining whether to set aside a default, the "court should consider whether: (1) the plaintiff would be prejudiced by setting aside the default; (2) the defendant has a meritorious defense; and (3) the defendant's culpable conduct led to the default."[7]

The set-aside factors weigh in favor of granting Timeshare and Mullis relief from the Clerk's entry of default.  Defendants have established that no true prejudice would befall Barbieri if the default is set aside.  They have also demonstrated that they have a meritorious defense by noting that Barbieri's claims were rejected in state-court-affirmed administrative proceedings before the Nevada Department of Employment Training and Rehabilitation, which found that Barbieri was terminated for misconduct or voluntarily left his position without good cause.[8]  And I cannot conclude that defendants' culpable conduct led to the default because they reasonably believed that hired counsel was handling their defense, as she provided assurances that she was doing so *and* was actively working on their behalf on other matters where her efforts were successful.[9]  They replaced counsel as soon as they were alerted to her negligence by receiving a copy of Barbieri's motion for default judgment.  As the Ninth Circuit recognized in *Community Dental Services v. Tani*, granting default relief and permitting the case to proceed on its merits "may often constitute the only mechanism for affording a client actual and full relief

---

[6] *Id.*

[7] *Id*. (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

[8] ECF No. 31 at 3, ECF No. 31-2 (referee findings).

[9] *See* ECF No. 31-5 at 3 (Mullis declaration).

from his counsel's gross negligence . . . ."[10]  In sum, I find good cause to set aside the Clerk's entry of default and permit this case to proceed on its merits.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the Motion for Default Judgment **[ECF No. 22] is DENIED**, and the Countermotion to Set Aside Defaults **[ECF No. 31] is GRANTED**. **Defendants have until April 13, 2020, to answer or otherwise respond to the complaint.**

Dated: April 3, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[10] *Community Dental Services v. Tani*, 282 F.3d 1164, 1172 (9th Cir. 2002) (setting aside a default judgment).