UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Barbieri,<br><br>   Plaintiff<br><br>v.<br><br>Timeshare Liquidators, LLC, et al.,<br><br>   Defendants | Case No.: 2:18-cv-00355-JAD-EJY<br><br>**Order Dismissing Claims with Limited Leave to Amend and Resolving All Pending Motions**<br><br>[ECF No. 36, 43, 51, 53, 54, 64, 66, 68] |

Pro se plaintiff Anthony Barbieri sues his former employer Timeshare Liquidators, arguing that he was subjected to a hostile work environment and wrongfully fired in retaliation for filing harassment complaints. Both parties move for various relief. The defendants ask to dismiss Barbieri's complaint because his claims have already been litigated in state administrative proceedings. They also move to strike some of Barbieri's filings as procedurally improper. Barbieri countermoves for summary judgment and thrice moves for leave to file an amended complaint.

This order resolves all pending motions. First, I grant the defendants' motion to dismiss. Because Barbieri's retaliation claim is identical to claims already litigated before the Nevada Department of Training and Rehabilitation (DETR), I dismiss it with prejudice. Barbieri's hostile-work-environment claim has not been litigated, but his complaint still fails to allege sufficient facts to state a claim. So, I dismiss the hostile-work-environment claim without prejudice and with leave to amend. Because the complaint is dismissed, Barbieri's countermotion for summary judgment and his motions to amend are denied as moot.

**Background**

In his complaint, Barbieri generally alleges that he worked as a parking lot attendant for Timeshare from April 2013 until August 2017.[1]  He claims that, while employed, he was "abused" by his supervisors, although he does not explain exactly how or why.[2]  Barbieri also alleges that he has cataracts that left him "legally blind" and that he had to have cataract surgery in June 2017, after which he was on light duty at work.[3]  Two months later, Barbieri was late to work and his supervisor told him he was not allowed to clock in and to go home.[4]  Barbieri alleges that he was fired several days later for filing complaints against his supervisors for drinking on the job.[5]

Barbieri then filed a complaint with the Equal Employment Opportunity Commission and made a claim for unemployment insurance with the DETR, claiming that he was entitled to benefits because he was wrongfully fired.  After an evidentiary hearing, DETR rejected Barbieri's claims of retaliation and denied his request for benefits.  Barbieri petitioned for judicial review in Nevada's Eighth Judicial District Court, and the state court vacated the DETR's determination for lack of sufficient findings.[6]  On remand, DETR held a second evidentiary hearing and concluded again that Barbieri had become hostile when told he could not clock in because he was late, threatened his supervisor when he wasn't allowed to clock in the next day, returned his uniform two days later, and, finally, signed an employee-separation report

---

[1] ECF No. 1 at 8.
[2] *Id.* at 2.
[3] *Id.* at 3.
[4] *Id.* at 4–5.
[5] *Id.* at 5.
[6] ECF No. 36-1 at 6–7.

that stated that he voluntarily resigned.[7]  In light of these findings, the DETR concluded that Barbieri voluntarily quit without good cause and was therefore not entitled to benefits.[8]  But even if he hadn't quit, the DETR determined that the evidence supported an alternative conclusion that Barbieri had been fired for misconduct, so he was still not entitled to benefits.[9]  Barbieri filed another petition for review in state court, and this time the court found that the DETR's determination was supported by substantial evidence and affirmed the DETR's decision.[10]  Barbieri appealed to the Nevada Supreme Court, and that appeal is currently pending.

Barbieri filed this lawsuit in February 2018 while his first petition for review was pending in state court.  He raises two claims: retaliation and hostile work environment.  In his retaliation claim, he theorizes that he was fired in retaliation for complaining about his superiors.  The boundaries of his hostile-work-environment claim are more difficult to determine, but it appears that he is basing it on either his denial of unemployment benefits or the "abuse" he alleges he suffered at the hands of his supervisors over the course of his employment.  The defendants move to dismiss Barbieri's complaint in its entirety, arguing that his claims are based on issues already litigated in the DETR proceedings and reviewed by the state courts.  Barbieri countermoves for summary judgment on his claims, arguing that it is obvious from the face of his complaint that the defendants discriminated against him and used his alleged tardiness as

---

[7] ECF No. 36-2 at 3–5.
[8] *Id.* at 5.
[9] *Id.*
[10] ECF No. 36-3 at 8–9.

pretext to fire him and hire younger employees.[11]  While these motions were pending, Barbieri twice moved to amend his complaint.

## Discussion

**A.     Motion-to-dismiss standard**

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[12]  While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[13]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[14]  In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[15]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss.  The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[16]  Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient.[17]  The court must then consider whether the well-pled factual allegations state a

---

[11] These allegations are not in Barbieri's complaint and he raises them for the first time in his countermotion for summary judgment.  *See* ECF No. 43 at 13.

[12] FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[13] *Twombly*, 550 U.S. at 570.

[14] *Iqbal*, 556 U.S. at 678.

[15] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[16] *Iqbal*, 556 U.S. at 678–79.

[17] *Id.*

plausible claim for relief.[18]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[19]  A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[20]

**B.    Barbieri's retaliation claim is dismissed with prejudice.**

The defendants first argue that Barbieri's claims are barred by collateral estoppel because both claims present the same issues that were litigated before the DETR and reviewed by the state court.[21]  Barbieri responds that his claims are not the same and he has the right to prove in this court that he was wrongfully terminated.[22]

"Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties."[23]  For this doctrine to apply, "(1) the issue must be identical to one alleged in prior litigation; (2) the issue must have been 'actually litigated' in the prior litigation; and (3) the determination of the issue in the prior litigation must have been 'critical and necessary' to the judgment."[24]  While ordinarily used for

---

[18] *Id.* at 679.

[19] *Id.*

[20] *Twombly*, 550 U.S. at 570.

[21] ECF No. 36 at 9.

[22] ECF No. 43 at 8–9.

[23] *Beauchamp v. Anaheim Union High School Dist.*, 816 F.3d 1216, 1225 (9th Cir. 2016) (quoting *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992).

[24] *Id.*

judicial decisions, collateral estoppel also applies to administrative determinations that have been judicially reviewed.[25]

Barbieri's instant retaliation claim is identical to his claim before the DETR—that he was wrongfully fired for retaliatory reasons. While the purpose of this argument is different here than it was before the DETR, the result is the same: the parties actually litigated the reason for his termination, and the DETR concluded that Barbieri quit or, at worst, was legitimately fired for misconduct. This conclusion was necessary to the judgment that Barbieri was not entitled to unemployment benefits because employees who quit without good cause or are let go for workplace misconduct cannot receive benefits.[26]

While Barbieri contends that he is entitled to prove in this court that he was retaliated against, that question was fully litigated before the DETR and on review in state court. His arguments that the judicial review was improper or incorrect are best left to his appellate briefs before the Nevada Supreme Court and not a separate claim in federal court. Because all the elements of collateral estoppel are met for Barbieri's retaliation claim, I dismiss that claim with prejudice.

But the same is not true of Barbieri's hostile-work-environment claim. While inartfully pled, this claim does not appear to be based solely on the denial of unemployment benefits. Construing the complaint liberally and in Barbieri's favor, as is required for pro se litigants,[27] I do not find this claim to be identical to the issues decided by the DETR. Barbieri mentions the

---

[25] *Astoria Fed. Sav. And Loan Ass'n v. Solimino*, 501 U.S. 104, 109–10 (1991) (drawing distinction between application of collateral estoppel to judicially unreviewed actions and judicially reviewed actions).

[26] *See* Nev. Rev. Stat. §§ 612.380, 612.385.

[27] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

denial of benefits in this count, but the overall narrative presented in the complaint is that Barbieri was routinely subjected to mistreatment by his superiors, culminating in his dismissal. Moreover, the DETR findings were limited to the circumstances of Barbieri's dismissal; DETR made no findings about the conditions of Barbieri's employment over the four years he worked for Timeshare before his dismissal.  So, I deny the motion to dismiss the hostile-work-environment claim based on collateral estoppel.

**C.     Barbieri's hostile-work-environment claim is dismissed without prejudice.**

The defendants further argue that, even if the hostile-work-environment claim is not barred by collateral estoppel, Barbieri still fails to state a claim primarily because his complaint simply recites the elements of a hostile-work-environment claim with no supporting facts.[28] Barbieri responds that he properly alleged that he was "subjected to verbal conduct because of his age" and his immigrant status.[29]  To prevail on a hostile-work-environment claim, a plaintiff must show with facts and not merely conclusory statements: (1) that he was subjected to verbal or physical conduct because of a protected status; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment.[30]

As written, Barbieri's complaint fails to allege a hostile-work-environment claim.  His complaint does not detail specific behavior by the defendants other than a conclusory recitation of the elements of a hostile-work-environment claim.  The complaint leaves the defendants to guess what conduct underlies this claim and whether the conduct was allegedly because of

---

[28] ECF No. 36 at 11.

[29] ECF No. 43 at 10–11.

[30] *Kang v. U. Lim. Am., Inc.*, 296 F.3d 810, 817 (9th Cir. 2002) (applying to national-origin discrimination).

Barbieri's age, race, national origin, disability, or something else.  It is also unclear whether the conduct was sufficiently severe or pervasive enough to render Barbieri's work environment hostile.  While he references "abuse" in passing in the text of his complaint, the allegations he brings up in his response to the motion to dismiss—that his superiors regularly insulted him because of his age, nation of origin, or disability status—are not in the complaint, so I cannot consider them in resolving the motion to dismiss.[31]  Because Barbieri's hostile-work-environment claim lacks *facts* to support the elements of his claim, it must be dismissed.

But because I am not yet convinced that Barbieri can plead no set of facts that would entitle him to relief, I grant Barbieri leave to amend this claim.  In his amended pleading, Barbieri must allege true facts sufficient to show what each defendant did to be liable for creating a hostile work environment.  If Barbieri chooses to file an amended complaint, he must do so by December 15.  If he does not file an amended complaint by this deadline, this case will be dismissed and closed without further notice.

**D.    Resolving the remaining motions**

Because I grant the motion to dismiss, I deny as moot Barbieri's countermotion for summary judgment.  And because I grant leave to amend the hostile-work-environment claim, I also deny as moot Barbieri's numerous motions to amend and the motions to submit exhibits to the motions to amend.  This order gives Barbieri leave to amend—but only to attempt to plead true facts to state a hostile-work-environment claim.  Barbieri may not take this opportunity to reassert the retaliation claim (which has been dismissed with prejudice and cannot be revived by amendment) or to add any additional claims or theories.

---

[31] *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

In addition to two motions for leave to amend, Barbieri also has improperly attempted to file his amended complaint without leave no fewer than four times.  This activity served to clutter the docket and create a rat king of filings for the court to untangle.  He is cautioned that similar filings and conduct will only serve to delay adjudication of his claims and will not be tolerated in the future.  Even though courts construe pro se pleadings liberally, "pro se litigants are bound by the rules of procedure,"[32] and Barbieri should familiarize himself with the Local Rules and the Federal Rules of Civil Procedure to litigate his claim more effectively.  Barbieri's reply in support of his motion to file exhibits (ECF No. 64) and his "motion for leave of court to file motion for contempt of court" (ECF No. 66) appear to be additional attempts at filing an amended complaint without the court's leave.  I therefore grant the defendants' motion to strike ECF No. 64 and sua sponte strike ECF No. 66.

Finally, defendants ask the court to set a telephonic conference "to discuss [p]laintiff's continued onslaught of repetitive filings."[33]  Because the court has addressed these filings by this order, defendants' motion for a court conference is denied as unnecessary.

## Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 36] is GRANTED.  Barbieri's retaliation claim is dismissed with prejudice.  His hostile-work environment claim is dismissed without prejudice and with leave to amend.  If Barbieri can allege true facts that cure the deficiencies identified in this order, he may file an amended complaint by December 15, 2020.  If he fails to do so, this case will be dismissed in its entirety with prejudice and closed.**

---

[32] *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

[33] ECF No. 68.

IT IS FURTHER ORDERED that the plaintiff's motions to amend the complaint and file exhibits, and his countermotion for summary judgment **[ECF Nos. 43, 51, 53, 54, and 60] are DENIED as moot.**

IT IS FURTHER ORDERED that the defendants' motion to strike the plaintiffs' reply in support of his motion to file exhibits **[ECF No. 64] is GRANTED**.  The plaintiff's reply to the defendants' opposition to the motion to file exhibits and the plaintiff's motion for leave to file a motion for contempt of court **[ECF Nos. 63, 66] are HEREBY STRUCK**.

IT IS FURTHER ORDERED that the defendants' motion for a court conference **[ECF No. 68] is DENIED**.

Dated: November 25, 2020

                                                _____
                                                U.S. District Judge Jennifer A. Dorsey