UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Ruben Aldo Barbieri,<br><br>          Plaintiff<br><br>v.<br><br>Timeshare Liquidators LLC and Stan Mullins,<br><br>          Defendants | Case No.: 2:18-cv-00355-JAD-EJY<br><br>**Order Granting Motion to Dismiss, Denying Remaining Motions as Moot, and Closing Case**<br><br>[ECF Nos. 72, 75, 77, 80, 82, 86, 88, 89] |

Last year, I gave pro se plaintiff Anthony Barbieri another opportunity to plead a hostile-work-environment claim against his former employer, Timeshare Liquidators LLC.[1] The defendants now move to dismiss Barbieri's resulting amended complaint as inadequately pled. In response, Barbieri filed a countermotion for summary judgment, which largely leans on the allegations in his pleading. Because Barbieri still has not pled any facts that, taken as true,[2] could state a claim for relief, I grant the motion to dismiss, deny all pending motions, and close this case.

**Discussion**[3]

To state a hostile-work-environment claim under Title VII, the plaintiff must plead true facts that show that "(1) [he] was subjected to verbal or physical conduct because of" a protected status, "(2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment."[4] Those

---

[1] ECF No. 69.

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[3] The parties are familiar with Barbieri's factual allegations, which are summarized in ECF No. 69 at 2–4, so I do not repeat them here.

[4] *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (alteration in original) (citation omitted).

allegations must go beyond a mere "recital[] of a claim's elements, supported by only conclusory statements."[5] When I last dismissed Barbieri's hostile-work-environment claim, I did so because he failed to detail any conduct that occurred "because of" any category protected by Title VII.[6] Though Barbieri referenced some "abuse" that occurred, I explained that he must include specific details about those incidents in his complaint itself—not in his other briefing. I gave him one more chance—with my detailed instructions—to try to plead a plausible claim.

Barbieri's fourth and fifth amended complaints do little to cure the problems that I identified in my dismissal order. Barbieri again alleges that he was "singl[ed] [] out" to complete additional tasks, like getting beer for his supervisors—tasks that others were not required to do.[7] But Barbieri's amended complaint still lacks any facts tying the unfair assignment of these tasks to his membership in a protected class. And much like before, Barbieri's passing references to harassing behavior only show up in his briefing and not in his complaint.[8] Because the court's inquiry on a dismissal motion like this one is restricted to the amended complaint, I cannot consider those briefing arguments when determining the pleading's sufficiency.[9] Doing so wouldn't help anyway because, even with those additional points, the claim still falls short.

---

[5] *Iqbal*, 556 U.S. at 678–79.

[6] ECF No. 69 at 8.

[7] ECF No. 71 at ¶ 21(j).

[8] *See* ECF No. 85 at 7. Even if I were to consider the allegation that "he was told to 'go home . . . to Argentina,'" he has not alleged that this one-time statement was part of an ongoing pattern of conduct that created a hostile-work environment. *Johnson*, 534 F.3d at 1122 ("A hostile work environment, by its 'very nature involves repeated conduct.'").

[9] *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

      Barbieri's attempts at alleging a hostile-work-environment claim based on new sexual-harassment allegations fare no better.  For the first time, Barbieri alleges in his amended complaint that his supervisors kept a sex toy in a filing cabinet and "once" brought it out while Barbieri was around.[10]  He adds that they would sometimes make crude jokes about the toy or have discussions about the supervisors' sex lives.[11]

      There are two problems with Barbieri's new allegations: they present a new theory under Title VII, in violation of this court's last dismissal order and, like the rest of his complaint, they fail to relate to his status as a member of a protected class.  As the United States Supreme Court explained in *Oncale v. Sundowner Offshore Services, Inc.*, the statute doesn't "prohibit all verbal or physical harassment in the workplace; it is directed only at '*discriminat[ion]* . . . because of . . . sex.'  We have never held that workplace harassment . . . is automatically discrimination because of sex merely because the words used have sexual content or connotations."[12]  These new facts still fail to remedy the problems that I previously identified, so I dismiss this claim.

      While I understand the difficulty Barbieri faces in litigating without an attorney, the law requires him to comply with this court's instructions and rules like any other litigant.[13]  Not only did Barbieri file his fourth and fifth amended complaints without curing the deficiencies I outlined in my last dismissal order, he has now begun to file exhibits that he claims substantiate his new allegations that defendant Stan Mullis "is not under sole [sic] kind of fraud

---

[10] ECF No. 71 at ¶ 21(j).

[11] *Id.*

[12] *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (first alteration in original) (citation omitted).

[13] *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000).

investigation"[14] and that one of the employees "was arrested for [m]urder."[15] These filings only take us farther and farther from a plausible claim. Barbieri's continued inability to connect the defendants' conduct to any protected status indicates that leave to amend his complaint again would be a futile exercise that will not result in a viable cause of action.[16] So I dismiss this case with prejudice. And because I close this case, I deny as moot the rest of the motions in the docket.

**Conclusion**

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 77] is GRANTED** and this case **dismissed with prejudice.** The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

IT IS FURTHER ORDERED that all remaining motions **[ECF Nos. 72, 75, 80, 82, 86, 88, 89] are DENIED as moot.**

_____
U.S. District Judge Jennifer A. Dorsey
April 9, 2021

---

[14] ECF No. 88 at 1.

[15] *Id.* at 3.

[16] *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (explaining that a court "may deny leave to amend due to . . . 'repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment" (citation omitted)).